IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GUY DON MINZE,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:17-CV-2320-L** |
| § | |
| **ADAM KING; ABEL FLORES; and** § | |
| **JESSICA PORTER,** § | |
| § | |
| Defendants. § | |

## ORDER

On August 30, 2018, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending as follows:

The Court should DENY Defendant King's Motion to Deem Motion to Dismiss as Unopposed (ECF No. 49). The Court should DENY Defendant King's Motion to Dismiss (ECF No. 30) under Fed. R. Civ. P. 12(b)(2), (4) & (5), but GRANT the Motion under Fed. R. Civ. P. 12(b)(6) and dismiss with prejudice all of Plaintiff's claims and causes of action against Defendant King.

The Court also should DENY the LaSalle Defendants' Motion to Dismiss (ECF No. 21) under Fed. R. Civ. P. 12(b)(2), (4) & (5), but GRANT in part the Motion under Fed. R. Civ. P. 12(b)(6). The Court should dismiss with prejudice Plaintiff's claims against the LaSalle Defendants [Defendants Abel Flores and Jessica Porter] for violations of Plaintiff's Eighth Amendment rights, nonfeasance, and misfeasance. The Court should DENY the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) as to Plaintiff's claims against the LaSalle Defendants for deliberate indifference under the Fourteenth Amendment and gross negligence.

Further, the Court should, in the exercise of its discretion, extend the period for effecting service of the summons and original complaint upon the LaSalle Defendants to the date[,]which is 30 days after the Court enters an Order Accepting these Findings, Conclusions, and Recommendation. The Court should direct the [United States Marshals Service] to use due diligence to search for personal addresses for each of the LaSalle Defendants and to effect proper service before the

> expiration of the extended deadline. The LaSalle Defendants should be granted a similar extension of time to file their answers.

Report 24-25. The magistrate judge further recommended that, although Plaintiff is proceeding pro se, the court should not allow him to amend his pleadings because:

> In this case, Plaintiff has been on notice of the deficiencies in his pleading since November 2017. With respect to his claims against Defendant King, Plaintiff never filed a response to any of the Motions to Dismiss and never gave the Court any indication that he could cure the defects identified in the motion. As to the LaSalle Defendants, Plaintiff similarly gave the Court no reason to believe that he could replead any of the challenged claims in a manner that would state a claim for relief. Plaintiff has never asked the Court for leave to amend. Accordingly, the District Court should dismissed with prejudice all of Plaintiff's claims, except his claims against the LaSalle Defendants for deliberate indifference and gross negligence.

*Id.* at 23-24.

No objections to the Report were filed by any Defendant within the time allowed for doing so, and, as of the date of this order, Plaintiff's deadline for filing objections had not expired because he is incarcerated and receiving service of documents filed in this case by mail. For the reasons that follow, however, the court determines that Plaintiff will not be prejudiced by the entry of this order before expiration of his deadline to file objections.

After carefully reviewing the motions, pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct but, because it is unclear whether the deficiencies noted in the Report are incurable or whether Plaintiff has pleaded his "best case," and he has not previously amended his pleadings, the court will give him the opportunity to do so. Accordingly, the court **accepts** the findings and conclusions of the magistrate judge **as modified** by this order; **denies without prejudice** the LaSalle Defendants' Motion to Dismiss (Doc. 21); **denies without prejudice** Defendant King's Motion to Dismiss (Doc.

30); and **denies as moot** Defendant King's Motion to Deem [His] Motion to Dismiss as Unopposed (Doc. 49).

Plaintiff **shall** file an amended complaint by **October 15, 2018**, that cures the deficiencies noted in the Report regarding his claims against Defendants. *No new claims may be asserted by Plaintiff until the deficiencies regarding his current claims against Defendants have been cured. Failure to file an amended complaint by this date will result in dismissal without prejudice of Plaintiff's claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with a court order or dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Additionally, out of fairness to all parties, the court will not consider matters regarding any claims or defenses asserted in this case that are submitted ex parte. Accordingly, any response to a motion, objection to an order by the magistrate judge or this court, objection to a recommendation issued by the magistrate judge, or motion must be filed Plaintiff and served on Defendants via their designated counsel, not ex parte.*

Further, the court **extends** the period for effecting service of the summons and the amended complaint on Defendants Abel Flores and Jessica Porter to **30 days** after the date Plaintiff's amended complaint is docketed and **directs** the United States Marshals Service to exercise due diligence to search for the personal addresses of all Defendants named in the amended complaint, except for Adam King, who, according to the Report, waived service, and to effect proper service on them in accordance with the Report before expiration of the extended deadline for service. The deadline for all named Defendants, except Adam King, to file an original answer or otherwise respond to the amended complaint **shall** run and be calculated from the time each Defendant is served with a copy of the summons and Plaintiff's amended complaint.

**It is so ordered** this 17th day of September, 2018.

_____
Sam A. Lindsay
United States District Judge