IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GUY DON MINZE,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:17-CV-2320-L** |
| | § | |
| **ADAM KING; ABEL FLORES; and** | § | |
| **JESSICA PORTER,** | § | |
| | § | |
| Defendants. | § | |

## AMENDED ORDER

Before the court is Plaintiff's Objection to the Court's Dismissal of this action (Doc. 55),

filed October 31, 2018; and Defendants Abel Flores and Jessica Porter's Response in opposition

(Doc. 56), filed November 19, 2018. For the reasons that follow, the court **reopens** this case,

**sustains** Plaintiff's Objection, **deems** his Amended Complaint (Doc. 54) as filed timely, **vacates** its

Order and Judgment (Docs. 52-53) dismissing this action, **enters** this amended order accepting the

magistrate judge's findings and conclusions as modified by this order.

On September 17, 2018, the court entered an order (Doc. 51), accepting as modified the

findings and conclusions of the magistrate judge ("Report") that were entered on August 30, 2018,

to give Plaintiff an opportunity to amend his pleadings to the cure the deficiencies noted by the

magistrate judge. The court, therefore, denied without prejudice the LaSalle Defendants' Motion to

Dismiss (Doc. 21); denied without prejudice Defendant King's Motion to Dismiss (Doc. 30); denied

as moot Defendant King's Motion to Deem [His] Motion to Dismiss as Unopposed (Doc. 49); and

directed Plaintiff to file an amended complaint by October 15, 2018, that cured the deficiencies noted

by the magistrate judge regarding his claims against Defendants. As service was determined to be

defective as to some Defendants, the court also extended the period for effecting service of the summons and the amended complaint on Defendants Abel Flores and Jessica Porter to 30 days after the date Plaintiff's amended complaint was docketed and directed the United States Marshals Service to exercise due diligence to search for the personal addresses of all Defendants named in the amended complaint, except for Adam King, who, according to the Report, waived service, and to effect proper service on them in accordance with the Report before expiration of the extended deadline for service. The court expressly warned Plaintiff's that his failure to file an amended complaint by October 15, 2018, would result in dismissal without prejudice of Plaintiff's claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with a court order or dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

On October 17, 2018, the court entered an order and judgment dismissing this action after determining that no amended complaint was filed by October 15, 2018, as directed. Specifically, the court determined that the deficiencies noted by the magistrate judge remained uncured, and there was no amended complaint for the United States Marshals Service to serve on Defendants Abel Flores and Jessica Porter. For these reasons and the reasons set forth in the magistrate judge's Report (Doc. 50), the court dismissed with prejudice all claims by Plaintiff against Defendants Adam King, Abel Flores, and Jessica Porter under Rule 12(b)(6), *except for* Plaintiff's claims against Defendants Abel Flores and Jessica Porter for deliberate indifference and gross negligence, which were dismissed without prejudice under Rule 41(b).

On October 18, 2018, Plaintiff's Amended Complaint (Doc. 54) was docketed. The Amended Complaint is dated October 11, 2018, and the certificate of service states that the Amended

Complaint was served on Defendants' counsel on the same date. As Plaintiff is incarcerated, the court determines that his Amended Complaint was filed timely. The Fifth Circuit has recognized that prisoners file their federal pleadings when they place them in the prison mail system. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

Plaintiff's Amended Complaint does not cure the deficiencies previously noted by the magistrate judge regarding the claims against Defendant Adam King or the Eighth Amendment rights, nonfeasance, and misfeasance claims against Defendants Abel Flores and Jessica Porter; however, Plaintiff indicates in his Amended Complaint that he no longer wishes to pursue these claims at this time. The court construes these statements in Plaintiff's Amended Complaint as a request to voluntarily dismiss without prejudice the foregoing claims under Federal Rule of Civil Procedure 41(a), which the court **grants.**[*] The court, therefore, **dismisses without prejudice** all claims by Plaintiff against Defendant Adam King and Plaintiff's claims for alleged violations of Eighth Amendment rights, nonfeasance, and misfeasance against Defendants Abel Flores and Jessica Porter.

On the other hand, Plaintiff indicates that he still wishes to pursue his claims against Abel Flores and Jessica Porter for deliberate indifference under the Fourteenth Amendment and gross negligence. Although Plaintiff's Amended Complaint contains no allegations in support of these claims, the magistrate judge previously determined that Plaintiff's Complaint included sufficient

---

[*] Under Rule 41(a)(1)(A)(I), Plaintiff is allowed to voluntarily dismiss his claims against Defendants Abel Flores and Jessica Porter without a court order or consent of these Defendants because neither has filed an answer or summary judgment motion. As Defendant Adam King has filed an answer, Plaintiff can only dismiss his claims against this Defendant pursuant to a court order in accordance with Rule 41(a)(2), which states that dismissal under this paragraph is without prejudice unless otherwise ordered by the court. The court determines that dismissal without prejudice of Plaintiff's claims against Defendant King is appropriate given the early stage of the proceedings in this case, and Defendant King will not suffer any legal prejudice as a result.

factual allegations to state a claim upon which relief can be granted at this juncture. As Plaintiff is pro se, the court liberally considers his Amended Complaint in conjunction with his prior pleadings and concludes, for the reasons previously stated by the magistrate judge, that he should be allowed to proceed with his claims against Abel Flores and Jessica Porter for deliberate indifference under the Fourteenth Amendment and gross negligence.

Accordingly, the court **accepts as herein modified** the findings and conclusions of the magistrate judge ("Report") that were entered on August 30, 2018, and **directs** the United States Marshals Service to effect service of the summons, Plaintiff's Complaint (Doc. 3), Plaintiff's Amended Complaint (Doc. 54), and a copy of this order on Defendants Abel Flores and Jessica Porter by **January 3, 2019**, and exercise due diligence to search for the personal addresses of Defendants Abel Flores and Jessica Porter. This action is **recommitted** to the magistrate judge for further proceedings consistent with this order regarding Plaintiff's claims against Abel Flores and Jessica Porter for deliberate indifference under the Fourteenth Amendment and gross negligence.

**It is so ordered** this 3rd day of December, 2018.

Sam A. Lindsay
United States District Judge