IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUY DON MINZE, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 3:17-cv-02320-L (BT) |
| | § | |
| ADAM KING, ABEL FLORES, and | § | |
| JESSICA PORTER, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 3, 2018, the Court dismissed without prejudice all of Plaintiff' Guy Don Minze's claims against Defendant Sheriff Adam King. Amended Order 3 (ECF No. 57). On January 8, 2019, King filed a motion for entry of partial final judgment as to Plaintiff's claims against him (ECF No. 66). For the following reasons, the Court should grant the motion and enter a partial final judgment dismissing without prejudice Plaintiff's claims against King.

I.

Minze filed this lawsuit on August 31, 2017, asserting claims against King, Sheriff of Johnson County, Texas, and others arising out of a September 9, 2015 incident that Plaintiff alleges occurred while he was a pretrial detainee at the Johnson County jail. King filed a motion to dismiss (ECF No. 17), an amended motion to dismiss (ECF No. 24), and a second amended motion to dismiss (ECF No. 30) on October 27, 2017, November 13, 2017, and November 27, 2017, respectively. Plaintiff never responded to any of King's motions to dismiss. Even

1

after the Court ordered Plaintiff to file a written response to King's second amended motion in April 2018, Plaintiff failed to answer any of King's arguments for dismissal.

The undersigned magistrate judge entered findings and conclusions that, among other things, recommended dismissal of Plaintiff's claims against King under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. FCR 12-21 (ECF No. 50). Specifically, the undersigned recommended that (1) Plaintiff's Fifth Amendment claim against King should be dismissed because the Fifth Amendment applies only to actions of the United States or a federal actor and Plaintiff failed to allege that King was acting under authority of the federal government; (2) Plaintiff's Eighth Amendment claim against King should be dismissed because the Eighth Amendment applies only to convicted prisoners and Plaintiff alleged he was a pretrial detainee at the time of the alleged incident; (3) Plaintiff's Fourteenth Amendment claims against King should be dismissed on the basis of qualified immunity because Plaintiff failed to allege that King violated a clearly established constitutional right; (4) Plaintiff's libel, defamation, and slander claims against King should be dismissed because these claims are barred by limitations and by the Texas Tort Claims Act; (5) Plaintiff's nonfeasance, malfeasance, and misfeasance claims against King should be dismissed because Texas Local Government Code § 22.009 only governs the removal of a public official from office and does not provide an avenue for a private cause of action for damages; and (6) Plaintiff's gross negligence claim against King should be

dismissed because Plaintiff did not allege sufficient facts to show King was grossly negligent. The undersigned further recommended that Plaintiff not be given an opportunity to replead his claims against King because Plaintiff had notice of the deficiencies in his pleading since November 2017, but never filed a response to any of the motions to dismiss and never gave the Court any indication that he could cure the defects identified in the motion. *Id.* 23.

On September 17, 2018, the Court entered an order (ECF No. 51), accepting as modified the findings and conclusions of the magistrate judge that were entered on August 30, 2018. The Court denied without prejudice King's motions to dismiss and granted Plaintiff an opportunity to cure the deficiencies in his pleadings. The Court directed Plaintiff to file an amended complaint by October 15, 2018, and warned him that failing to file an amended complaint by the deadline would result in dismissal without prejudice under Federal Rule of Civil Procedure 41(b) or dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6).

The Court did not receive an amended complaint by October 15, 2018. Accordingly, on October 17, 2018, the Court entered an order of dismissal (ECF No. 52) and final judgment (ECF No. 53) dismissing all of Plaintiff's claims against King with prejudice under Federal Rule of Civil Procedure 12(b)(6).[1] On October 18, 2018, however, the clerk's office docketed Plaintiff's amended complaint (ECF

---

[1] The Court dismissed Plaintiff's claims against Defendants Abel Flores and Jessica Porter for deliberate indifference and gross negligence without prejudice under Rule 41(b).

3

No. 54). As the amended complaint was dated October 11, 2018, and the certificate of service stated the amended complaint was placed in the prison mail system for service on defense counsel the same day, the Court determined the amended complaint was timely filed.

Notably, Plaintiff did not name King as a party in his amended complaint. Plaintiff also stated that "at this time he is unable to cure the deficiencies in the Plaintiff's claims against Defendant Adam King and hereby removes Defendant from this 42 U.S.C. Section 1983 lawsuit at this time." Am. Compl. (ECF No. 54). The Court construed this statement as a request to voluntarily dismiss without prejudice the claims against King under Federal Rule of Civil Procedure 41(a). Amended Order 3 (ECF No. 57). The Court noted that, because King filed an answer, Plaintiff could only dismiss his claims against King pursuant to a court order in accordance with Federal Rule of Civil Procedure 41(a)(2), which provides that dismissal must be without prejudice unless otherwise ordered by the court. The Court further determined that dismissal without prejudice of Plaintiff's claims against King was appropriate given the early stage of the proceedings and because King would not suffer any legal prejudice as a result. Therefore, on December 3, 2018, the Court dismissed without prejudice all of Plaintiff's claims against King.

King then filed the pending motion for entry of partial final judgment as to Plaintiff's claims against him. Although the title of the motion suggests that the requested relief is opposed, the certificate of conference states that King's counsel did *not* attempt to confer with Plaintiff—who is *pro se* and currently incarcerated.

Plaintiff also never filed a response to the motion. Given these circumstances, including Plaintiff's unequivocal statement that he does not intend to pursue his claims against King, it does not appear that the requested relief is in fact opposed.

II.

Rule 54(b) permits a court to enter a final judgment as to less than all the claims or parties to an action. Specifically, the Rule provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). A district court must make two independent findings to enter final judgment under Rule 54(b). First, the court must determine the disposition as to an individual claim in the course of a multiple claims suit is final and complete. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Second, the court must find that there is no just reason for delay. *Id*. at 8. The second issue is left to the sound judicial discretion of the district court. *Id*.

As to the first inquiry, the Court dismissed Plaintiff's claims against King from this lawsuit without prejudice. And in response to the Court's invitation to replead his claims against King, Plaintiff acknowledged that he cannot state a claim against King that would survive summary dismissal under Federal Rule of Civil Procedure 12(b)(6), and he unequivocally communicated his intent to abandon those claims. This disposition is final and complete as to Plaintiff's claims against King. As to the second inquiry, King argues that postponing entry of a final

5

judgment and the commencement of appellate deadlines would cause unnecessary delay and prejudice. Mot. 4, ¶ 15 (ECF No. 66). Specifically, King argues the Court should enter a partial final judgment because he is entitled to qualified immunity as to some of Plaintiff's claims. *Id.*

The Court dismissed Plaintiff's Fourteenth Amendment claims against King on the basis of qualified immunity because Plaintiff failed to allege that King violated a clearly established constitutional right. According to Fifth Circuit precedent, an order *granting* immunity is not immediately appealable and can be fully and fairly reviewed after a final judgment. *Elizondo v. Green*, 671 F.3d 506, 509–10 (5th Cir. 2012). However, in view of all the circumstances, there appears to be no just reason to delay entry of a final judgment. Plaintiff's claims against King are separate and distinct from his claims against the other defendants, and entry of a partial final judgment would not result in unnecessary appellate review. The nature of Plaintiff's claims against King and the state of the pleadings are such that no appellate court would have to decide the same issues more than once. Plaintiff would not be prejudiced by entry of a partial final judgment because he does not object to final dismissal of his claims. Plaintiff has consistently indicated— and even expressly represented—that he no longer intends to pursue any claims against King. On the other hand, King would be prejudiced by postponing entry of a partial final judgment because he is entitled to certainty as to Plaintiff's claims. In the absence of a partial final judgment, King may continue to incur attorneys' fees as his counsel would be required to monitor the case for developments.

III.

The Court should **GRANT** Defendant Sheriff Adam King's motion (ECF No. 66) and enter a partial final judgment dismissing **without prejudice** all of Plaintiff Guy Don Minze's claims against King.

**SO ORDERED**.

May 28, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE