IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUY DON MINZE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-2320-L-BT |
| | § | |
| ADAM KING, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM ORDER**

Before the Court in this *pro se* prisoner civil rights suit is Plaintiff Guy Don Minze's Motion for Rule 11 Sanctions Against Marvin Moos, Counsel for Defendants (ECF No. 73). For the reasons stated, the Motion is DENIED.

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party or an attorney who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the cost of litigation. Fed. R. Civ. P. 11(b), (c). "The central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts," (*Cooter & Gell v. Hartmax Corp.*, 469 U.S. 384, 393 (1990)), and to "spare innocent parties and overburdened courts from the filing of frivolous lawsuits," (*Cappa Fund III, L.L.C. v. Actherm Holding, A.S.*, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011), *rec. adopted*, 2011 WL 816861 (N.D. Tex. Mar. 9, 2011)). "However, [Rule 11] sanctions are normally reserved for the rare and exceptional case where the action is *clearly* frivolous, legally unreasonable, or

without legal foundation or brought for an improper purpose. It is an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Perot*, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (internal footnotes and quotations omitted, emphasis in the original).

Moreover, under Rule 11's safe-harbor provision, the party seeking sanctions must first serve the persons being accused of sanctionable conduct with the motion, and, if after 21 days have passed the accused person has not withdrawn or corrected the offending document, the motion may be filed with the court. Fed. R. Civ. P. 11(c)(2). In other words, Rule 11 requires the movant to first serve a copy of the actual Rule 11 motion for sanctions on the persons accused of sanctionable conduct at least 21 days prior to the filing of that motion. *Castro & Co., L.L.C. v. Diamond Offshore Servs., Ltd.*, 2018 WL 6069973, at *9 (N.D. Tex. Oct. 29, 2018), *rec. adopted*, 2018 WL 6068977 (N.D. Tex. Nov. 20, 2018).

As a threshold matter here, Plaintiff's motion for Rule 11 sanctions is improper because he has not complied with Rule 11's safe-harbor and given Mr. Moos the required 21-day opportunity to withdraw or correct the allegedly sanctionable documents. The certificate of service indicates that Plaintiff mailed the motion to Mr. Moos on July 17, 2019. Mot. 24. The Motion was entered in the Court's electronic filing system, and was thus before the Court, only nine days later—on July 26, 2019. The Motion must fail for that reason. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (finding sanctions under Rule 11 inappropriate because the party seeking sanctions did not comply with the procedural "safe

harbor" prerequisite of serving the motion before filing it); *see also Tompkins v. Cyr*, 995 F. Supp. 689, 693 (N.D. Tex. 1998) (refusing to impose Rule 11 sanctions because the parties seeking sanctions did not comply with the "safe harbor" requirement; rather the certificates of service showed that the motions were served on opposing counsel either the day they were filed or shortly before), *aff'd in part and rev'd in part on other grounds*, 202 F.3d 770 (5th Cir. 2000); *Zuffante v. Stephens*, 2013 WL 4829193, at *2 (N.D. Tex. Sept. 9, 2013) (refusing to impose Rule 11 sanctions where movant, a *pro se* prisoner, failed to comply with "safe harbor" requirement).

Moreover, Rule 11 sanctions are not warranted based on the record in this case. Plaintiff appears to assert that Mr. Moos should be sanctioned for filing the following documents:

1. Defendants' Response to Plaintiff's Motion to Appoint Counsel (ECF No. 26) because it makes a "general and frivolous claim, that this Court lacks jurisdiction over the subject matter, of this case" and asserts that "the Plaintiff failed to state a claim upon which relief can be granted";

2. Defendants' Answer to the Amended Complaint (ECF No. 67) because it likewise argued lack of jurisdiction and failure to state a claim, as well as denied that Plaintiff had exhausted his administrative remedies for the claims made against Defendant Abel Flores; and

3. Defendants' Amended Answer to the Amended Complaint (ECF No. 70) because it was filed without leave.[1]

---

[1] Plaintiff also complains generally that Mr. Moos "harbor[s] a conscious disregard" for Plaintiff's case and is engaging in "foul play" and points out that Mr. Moos failed to file an early motion for summary judgment as ordered by the Court.

Mot. 14-17. The first filing, the Response to Plaintiff's Motion to Appoint Counsel, simply does not make the arguments Plaintiff claims it does. The Response briefly states the rules regarding a civil-rights complainant's right to the appointment of counsel and argues appointment of counsel is not warranted in this instance. It makes no mention of subject matter jurisdiction or Plaintiff's failure to state a claim. While the second filing, the Answer, does make assertions regarding jurisdiction, failure to state a claim, and failure to exhaust, the Court concludes that the assertions are not clearly frivolous, legally unreasonable, without legal foundation, or brought for an improper purpose. Finally, Rule 11 sanctions are not warranted for the third document, the Amended Answer. A motion for Rule 11 sanctions is not the proper vehicle to challenge a pleading improperly filed without leave. And, in any event, the Amended Answer here was not filed for an improper purpose, nor does it bring arguments that would otherwise give rise to Rule 11 sanctions.

For the foregoing reasons, the Motion for Rule 11 Sanctions is DENIED.

**SO ORDERED.**

December 11, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

However, Rule 11 sanctions only apply to pleadings and filings that the attorney has signed. *See Webb v. Morella*, 457 F. App'x 448, 454 n.5 (5th Cir. 2012) (per curiam).