IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUY DON MINZE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-2320-L-BT |
| | § | |
| ADAM KING, *et al.*, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Guy Don Minze filed his Complaint in this action against Defendants Adam King, Abel Flores, and Jessica Porter on August 31, 2017 (ECF No. 3). Because Plaintiff has not properly served his lawsuit on Defendant Jessica Porter, the District Court should dismiss the action as to Jessica Porter without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service *and* (2) good cause for the Court to extend the time for service for an appropriate

period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Plaintiff filed his Complaint more than two years ago and has not filed proof of service on Jessica Porter with the Court, even with the benefit of an extended period to serve Defendants.[1] Indeed, Plaintiff has attempted to serve Jessica Porter twice without success. Summons Returned Unexecuted as to Jessica Porter (ECF Nos. 64 & 81). Accordingly, the District Court should DISMISS Plaintiff's Complaint as against Jessica Porter without prejudice.

Signed December 11, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] By Order dated September 17, 2018, the District Court afforded Plaintiff the opportunity to amend his Complaint by October 15, 2018 and extended the deadline for Plaintiff to serve Defendants Abel Flores and Jessica Porter to 30 days following the entry of the Amended Complaint. Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge 3 (ECF No. 51).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).