IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUY DON MINZE, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-2320-L-BT |
| | § | |
| ADAM KING, *et al.*, | § | |
|    Defendants. | § | |

## **MEMORANDUM ORDER**

Before the Court in this *pro se* prisoner civil rights suit arising under 42 U.S.C. § 1983 is Plaintiff Guy Don Minze's Second Motion for Appointment of Counsel (ECF No. 90). For the reasons stated, the Motion is DENIED.

"'[T]here is no automatic right to appointment of counsel in a civil rights case.'" *Marquez v. Woody*, 440 F. App'x 318, 326 (5th Cir. 2011) (quoting *Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001)). "By statute, the court has discretion to appoint counsel in a civil case." *Marquez*, 440 F. App'x at 326 (citing 28 U.S.C. § 1915(e)(1)). "A court has no obligation to appoint counsel for an individual raising a claim under 42 U.S.C. § 1983 'unless the case presents exceptional circumstances.'" *Marquez*, 440 F. App'x at 326 (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). "In deciding whether to appoint counsel, the court should consider 'the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence.'" *Marquez*, 440 F. App'x at 326 (quoting *Baranowski v.*

*Hart*, 486 F.3d 112, 126 (5th Cir. 2007)). The Court "'should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.'" *Marquez*, 440 F. App'x at 326 (alteration in the original) (quoting *Ulmer*, 691 F.2d at 213).

Soon after he filed this case, Plaintiff filed his first motion for appointment of counsel; the Court denied the motion after careful consideration of the relevant factors and finding that Plaintiff's case did not exhibit exceptional circumstances. Order 2 (ECF No. 38). The instant Motion is denied for the same reason. Plaintiff does not indicate how his circumstances have changed since the filing of the first motion, other than pointing out that "Defendant Adam King's part of the suit [has been] dismissed without prejudice, due to the fact that Plaintiff could not . . . overcome defendant Adam King's claim to qualified immunity," and that the "proceedings are becoming more complicated[.]" Mot. 2-3. The Court does not agree that the case is "becoming more complicated"; and even it did, that would not constitute exceptional circumstances. As noted in the Court's prior order denying Plaintiff's request for counsel, Plaintiff has been able to articulate his claims and legal theories so that the Court can understand them. Indeed, both his first motion for appointment of counsel and the instant Motion cite relevant case law and set forth logical arguments addressing the relevant factors. There appears no reason why Plaintiff cannot adequately prosecute the case on his own. Finally,

as dispositive motions are not yet decided in this case, the Court cannot determine whether the presentation of evidence or cross-examination will be necessary.

For the foregoing reasons, the Motion for Appointment of Counsel (ECF No. 90) is DENIED.

**SO ORDERED.**

March 16, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE