IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUY DON MINZE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-02320-L-BT |
| | § | |
| ADAM KING, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* prisoner civil rights action is Defendant Abel Flores's Motion for Summary Judgment (ECF No. 97). For the reasons stated, the District Court should GRANT Defendant's Motion and DISMISS Plaintiff's claims with prejudice.

**Background**

Plaintiff Guy Don Minze, a state prisoner, filed this *pro se* civil rights action on August 31, 2017, asserting claims against Johnson County Sheriff Adam King and two Johnson County jail employees, Abel Flores and Jessica Porter, arising out of a September 9, 2015 assault that occurred while Minze was a pretrial detainee at the jail. Compl. (ECF No. 3). As to Flores, Minze alleged that Flores delayed his medical care after the assault. *Id*. 8.

Early in the litigation, King filed a motion to dismiss (ECF No. 17), an amended motion to dismiss (ECF No. 24), and a second amended motion to

dismiss (ECF No. 30). Minze never responded to any of King's motions. On April 19, 2018, the Court ordered Minze to file a written response to King's second amended motion. Ord. (ECF No. 39). Minze responded, but he failed to answer any of King's arguments for dismissal. Resp. (ECF Nos. 42, 43).

On August 30, 2018, the undersigned magistrate judge entered findings and conclusions that, among other things, recommended dismissal of Minze's claims against King under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. FCR 12-21 (ECF No. 50). Specifically, the undersigned recommended that (1) Minze's Fifth Amendment claims against King should be dismissed because the Fifth Amendment applies only to actions of the United States or a federal actor, and Minze failed to allege that King was acting under authority of the federal government; (2) Minze's Eighth Amendment claims against King should be dismissed because the Eighth Amendment applies only to convicted prisoners, and Minze alleged he was a pretrial detainee at the time of the alleged incident; (3) Minze's Fourteenth Amendment claims against King should be dismissed on the basis of qualified immunity because Minze failed to allege that King violated a clearly established constitutional right; (4) Minze's libel, defamation, and slander claims against King should be dismissed because these claims are barred by limitations and by the Texas Tort Claims Act; (5) Minze's nonfeasance, malfeasance, and misfeasance claims against King should be dismissed because Texas Local Government Code § 22.009 only governs the removal of a public official from office and does not provide an avenue for a private

cause of action for damages; and (6) Minze's gross negligence claim against King should be dismissed because Minze did not allege sufficient facts to show King was grossly negligent. The undersigned further recommended that Minze not be given an opportunity to replead his claims against King because Minze had notice of the deficiencies in his pleading since November 2017, but he never filed a response to any of the motions to dismiss and never gave the Court any indication that he could cure the defects identified in the motion. *Id.* 23.

On September 17, 2018, the Court entered an order (ECF No. 51), accepting as modified the findings and conclusions of the magistrate judge that were entered on August 30, 2018. The Court denied without prejudice King's motions to dismiss and granted Minze an opportunity to cure the deficiencies in his pleadings. The Court directed Minze to file an amended complaint by October 15, 2018, and warned him that failing to file an amended complaint by the deadline would result in dismissal without prejudice under Federal Rule of Civil Procedure 41(b) or dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6).

The Court did not receive an amended complaint by October 15, 2018. Accordingly, on October 17, 2018, the Court entered an order of dismissal (ECF No. 52) and final judgment (ECF No. 53), dismissing all of Minze's claims against King with prejudice under Federal Rule of Civil Procedure 12(b)(6). The Court also dismissed without prejudice under Rule 41(b) Minze's claims against Flores and Porter for deliberate indifference and gross negligence. Order (ECF No. 52); J. (ECF No. 53).

On October 18, 2018, however, the clerk's office docketed Minze's amended complaint (ECF No. 54). As the amended complaint was dated October 11, 2018, and the certificate of service stated the amended complaint was placed in the prison mail system for service on defense counsel the same day, the Court determined the amended complaint was timely filed.

Notably, Minze did not name King as a party in his amended complaint, but he again named Abel and Porter as defendants. Am. Compl. 2. In a single paragraph, Minze cursorily alleged that Flores and Porter subjected him to "deliberate indifference" under the Fourteenth Amendment. *Id*. He further alleged without elaboration that Flores and Porter acted with "gross negligence." *Id*. He noted that he "remove[d] his claims for nonfeasance, malfeasance, misfeasance[,] and his Eighth Amendment [claim]." *Id*. Minze stated that "at this time he is unable to cure the deficiencies in the Plaintiff's claims against Defendant Adam King and hereby removes Defendant from this 42 U.S.C. Section 1983 lawsuit at this time." *Id*. The Court construed this statement as a request to voluntarily dismiss without prejudice the claims against King under Federal Rule of Civil Procedure 41(a). Amended Order 3 (ECF No. 57). The Court noted that, because King filed an answer, Minze could only dismiss his claims against King pursuant to a court order in accordance with Federal Rule of Civil Procedure 41(a)(2), which provides that a dismissal must be without prejudice unless otherwise ordered by the court. The Court further determined that dismissal without prejudice of Plaintiff's claims against King was appropriate given the early stage of the proceedings and because

4

King would not suffer any legal prejudice as a result. Therefore, on December 3, 2018, the Court dismissed all of Minze's claims against King without prejudice. Am. Ord. (ECF No. 57).

On January 8, 2019, King filed a motion (ECF No. 66) for entry of partial final judgment as to Minze's claims against him. The undersigned entered findings and conclusions (ECF No. 71) on May 28, 2019, recommending that the Court grant the motion and enter a partial final judgment dismissing without prejudice Minze's claims against King. On July 31, 2019, the Court accepted the findings and conclusions and entered final judgment under Federal Rule of Civil Procedure 54(b) as to King only. Ord. (ECF No. 76); J. (ECF No. 77).

On December 11, 2019, the undersigned magistrate judge entered findings and conclusions (ECF No. 86), recommending that the Court dismiss without prejudice Minze's claims against Porter under Federal Rules of Civil Procedure 4(m) and 41(b) because Minze failed to properly serve this lawsuit on her. The Court accepted the findings and conclusions and dismissed Porter without prejudice on January 6, 2020. Ord. (ECF No. 87).

The only claims remaining are Minze's claims against Flores for "deliberate indifference," under the Fourteenth Amendment, and "gross negligence." *See* Am. Compl. (ECF No. 54). In February and March of 2020, Flores served discovery requests on Minze regarding these claims. Then, on June 17, 2020, Flores filed the pending motion (ECF No. 97) in which he argues that he is entitled to summary judgment on Minze's claims for several reasons, including: (1) Minze is deemed to

5

have admitted he has no viable claim against Flores; (2) Minze has no expert testimony to support any claim against Flores; (3) Minze failed to exhaust any claim as required under the Prison Litigation Reform Act (PLRA); (4) Minze has no evidence of deliberate indifference by Flores; (5) Flores cannot be vicariously liable; and (6) Minze has no evidence of gross negligence. Minze failed to file a response to the motion, and the time for doing so has long since expired. Accordingly, the Court must consider the motion without the benefit of the response.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth"—and submit evidence of—"specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.; Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party—but only if both parties have introduced evidence showing that an actual controversy exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir.2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir.1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to

7

sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir.2006) (internal quotation marks omitted).

## Analysis

### Deemed Admissions

Flores initially argues that he is entitled to summary judgment because his requests for admission, which Minze received but did not respond to, are deemed admitted and conclusively show that Minze has no viable claim against Flores for deliberate indifference or gross negligence.

Federal Rule of Civil Procedure 36 allows a party to request from any other party admissions to a broad range of factual matters. *See* Fed. R. Civ. P. 36(a)(1). Under the rule, a party served with a request for admission has 30 days to answer or object to the request. Fed. R. Civ. P. 36(a)(3); *see also Williams v. Wells Fargo Bank N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014) ("Under Rule 36(a), a matter in a request for admissions is deemed admitted unless the party to whom the request is directed answers or objects to the matter within thirty days."). If a party fails to timely respond, the matter is deemed admitted and is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). If the request for admission concerns an essential issue, the

failure to respond to the request can result in a grant of summary judgment against the nonresponding party. *See In re Carney*, 258 F.3d 415, 420 n.6 (5th Cir. 2001) (collecting cases that grant summary judgment on basis of deemed admissions). "We have 'stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b).'" *Williams*, 560 F. App'x at 244 (quoting *Carney*, 258 F.3d at 419).

On February 21, 2020, Flores served his Requests for Admission on Minze via certified mail, return receipt requested. Def. App'x at 1, ¶4; 52-57 (ECF No. 98). The Requests specifically stated that Minze needed to respond within 30 days, or the requests would be deemed admitted. *Id.* 1, ¶4; 53. Minze's response was due on March 25, 2020. *See* Fed. R. Civ. P. 6(d) (adding three days when a party must act within a specified time after being served under Fed. R. Civ. P. 5(b)(2)(C), (D), (F)). Defense counsel received the return receipt requested card, which was signed by Minze and dated March 13, 2020. *Id.* 1-2, ¶4; 58-59. However, Minze never responded to the Requests for Admission.

Also, on February 21, 2020, by separate mailing, Flores served a Notice of Service of Discovery Requests for the initial Requests for Admissions on Minze via certified mail, return receipt requested. *Id.* 2, ¶5; 60-62. The United States Postal Service website tracking feature shows that this mailing was "refused" on March 5, 2020. *Id.* 2, ¶5; 66. Defense counsel received the original envelope marked "Return To Sender Refused" with the unsigned green card still attached. *Id.* 2, ¶5; 63-64.

On March 11, 2020, Flores served a Second Request for Admissions on Minze via certified mail, return receipt requested. *Id.* 2, ¶6; 68-73. The content of the Second Request was identical to that of the first Request for Admissions. Minze's response was due on April 13, 2020. *See* Fed. R. Civ. P. 6(d). Defense counsel received a return receipt signed by Minze and dated March 25, 2020. Def. App'x 2, ¶6; 74. Minze never responded to this second set of requests for admission either.

On March 12, 2020, Defendant served a Notice of Service of Discovery Requests for the Second Requests for Admissions on Minze via certified mail, return receipt requested. *Id.* 2, ¶7; 75-78. Defense counsel received a return receipt, which was signed by Minze and dated March 25, 2020. *Id.* 2, ¶7; 79. Minze was, again, notified that requests for admission were served, and he was required to answer, or the requests would be deemed admitted. Again, however, Minze never responded.

The matters to which the first and second set of requests for admission are directed should thus be deemed admitted as a matter of law. *See Carney*, 258 F.3d at 420; *see also Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir.2006) (applying Rule 36 against pro se litigant). Specifically, the deemed admissions are: "(3) no nurse or other medical personnel at the Johnston County jail informed Flores that you had life threatening injuries;" "(4) Flores never refused to call for an ambulance to take you to the hospital;" "(5) Flores was not responsible for any delay in taking you to the hospital or any delay in your receiving treatment for your

injuries;" "(6) you were delayed in being taken to the hospital on September 9, 2015 because law enforcement personnel were interviewing you;" "(8) Flores did not leave you unattended in a wheelchair for two hours;" "(9) Flores did not ignore any requests for help that you made following the incident on September 9, 2015;" "(11) any delay in transporting you to the hospital did not cause any additional physical injuries;" "(14) no correctional officer at the Johnson County jail, including Flores, was deliberately indifferent to your condition or injuries;" and "(15) no jail personnel caused any injuries to you." *Id*. 55-56; 71-72. These deemed admissions conclusively show that Minze has no viable claim against Flores for deliberate indifference or gross negligence. Accordingly, Flores is entitled to summary judgment on Minze's claims.

## Exhaustion

Flores also argues that he is entitled to summary judgment because there is no dispute that Minze failed to exhaust his administrative remedies.

Under the PLRA, "prisoners are required to exhaust administrative remedies before filing suit: 'No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (citing 42 U.S.C. § 1997e(a) (2000)). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

*Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Exhaustion is mandatory and is strictly construed. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).

In support of his motion, Flores submitted uncontroverted evidence that conclusively establishes Minze failed to exhaust his administrative remedies before filing suit. Def. App'x 118–19, ¶¶8–9; 127–28, ¶¶7, 11. Minze failed to respond to Flores's summary judgment motion, and he never argued—much less adduced evidence—that he timely filed a grievance or otherwise pursued an administrative remedy.

Accordingly, Flores also is entitled to summary judgment on exhaustion grounds.

### No Evidence

Flores further argues that he is entitled to summary judgment because Minze has no expert testimony to support any claim against Flores, and he has no evidence of deliberate indifference by Flores or gross negligence. Indeed, Minze has wholly failed to respond to Flores's summary judgment motion and has not identified any competent evidence in support of any claim. The only evidence in the record is the evidence submitted by Flores and Minze's deemed admissions that conclusively show that Minze has no viable claim against Flores. Thus, there are no genuine issues of material fact, and Flores is entitled to summary judgment on Minze's claims.

Motion for Leave

Finally, Flores has filed a motion seeking leave to designate responsible third parties. (ECF No. 96.) In light of the recommendation to grant Flores's motion for summary judgment, this motion should be denied as moot.

## RECOMMENDATION

For the reasons stated, the District Court should GRANT Defendant Abel Flores's Motion for Summary Judgment (ECF No. 97) and DISMISS WITH PREJUDICE Plaintiff Guy Don Minze's claims against him. The District Court should also DENY as moot Flores's Motion for Leave to Designate Responsible Third Parties (ECF No. 96).

**SO RECOMMENDED**.

January 6, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).